IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| One 2004 Cadillac Escalade,<br>VIN 1GYEK63N74R317439, | : | |
| Defendant. | : | |
| | : | |
| : : : : : : | | |

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against a vehicle involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

### THE DEFENDANT *IN REM*

2. The defendant is one 2004 Cadillac Escalade, VIN 1GYEK63N74R317439 (the "Defendant Vehicle") which was seized pursuant to the execution of a search and seizure warrant issued on December 17, 2010, and subsequently was placed in the custody of the Department of Homeland Security, in the District of Maryland where it remains.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Vehicle. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

4. This court has *in rem* jurisdiction over the Defendant Vehicle under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

6. The Defendant Vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended to be used, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

## FACTS

7. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Joshua Gottschalk, Special Agent of the Department of Homeland Security, Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Vehicle be cited to appear herein and answer the Complaint; that the Defendant Vehicle be forfeited and condemned

to the United States of America; that upon Final Decree of Forfeiture, the United States Department of Homeland Security dispose of the Defendant Vehicle according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: 8-4-14

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

/s/ Cassella /RCK
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

3

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of a 2004 Cadillac Escalade bearing Maryland license plate A133009 and Vehicle Identification Number (VIN) 1GYEK63N74R317439.

I, Joshua Gottschalk, Special Agent with Homeland Security Investigations, submit that there are sufficient facts to support the Escalade was used in connection with a Murder and Kidnapping in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and as a vehicle to facilitate drug offenses in violation of in violation of 21 U.S.C. § 846.

a. On December 19, 2009, Michael Knight was reported missing to the Baltimore County Police under case number 09-353-1035.

b. On January 21, 2010, Michael Knight's vehicle was located in the 3700 block of Cassen Road. A search of the vehicle proved negative for Michael Knight's body and/or other related evidence.

c. An investigation into Knight's disappearance was started by the Baltimore County Police Departments' Homicide/Missing Person's Unit. An interview of Knight's girlfriend Joy Whyte revealed Knight received a phone call from a woman named Jean BROWN on December 16, 2009. BROWN wanted Knight to meet her at a Marshall's department store later that evening. According to WHYTE, Knight had carried money to Jamaica for BROWN.

d. A check of law enforcement databases revealed Knight and two others were stopped by Jamaican Customs trying to enter the country with approximately $565,035. An HSI investigation revealed BROWN supplied the three individuals with the money that was seized by Jamaican Customs and as a result BROWN pled guilty to bulk cash smuggling charges.

e. Further investigation revealed Knight was holding approximately one million dollars for BROWN and her partner Carl SMITH and when BROWN collected the money, $250,000 was missing.

f. On December 16, 2009, BROWN, SMITH and other members of the BROWN Organization met Knight at a Marshals department store, kidnapped Knight, drove him to BROWN's apartment in White Marsh, Maryland where they tortured, murdered and dismembered Knight.

g. In April 2010, SMITH was murdered in Tijuana, Mexico by two Mexican nationals who were involved in supplying the BROWN Organization with marijuana.

h. Interviews with Peter Blake and other members of the BROWN Organization who were present and participated in the murder of Knight confessed to committing murder at BROWN's direction, provided a detailed account of the night of the murder and stated the 2004 Escalade was used to transport Knight's body to multiple dumpsters where they disposed of the body parts. Based on the aforementioned interviews with BLAKE and other members of the BROWN Organization, it is believed the Escalade was also used to transport narcotics in furtherance of the BROWN Organization.

i. In February 2013, BROWN was convicted in a Federal U.S. District Court on Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, 21 USC § 846; Murder and Kidnapping in Aid of Racketeering, 18 USC § 1959(a)(1) and Conspiracy to Commit Murder in Aid of Racketeering, 18 USC § 1959 (a)(5).

Joshua Gottschalk
Special Agent
Homeland Security Investigations

## VERIFICATION

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Department of Homeland Security, Homeland Security Investigations, and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: 8/4/2014

John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

## **MEMORANDUM**

| | |
|---|---|
| DATE: | August 4, 2014 |
| TO: | Paula M. Rigby / Julie Bedenbaugh<br>Department of Homeland Security<br>U.S. Customs & Border Protection / ICE |
| FROM: | Matthew Miller<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. One 2004 Cadillac Escalade (VIN 1GYEK63N74R317439)**<br>Civil Action No.<br><br>**CATS ID No. 11-ICE-002974**<br>**Agency Case No. BA02BK09BA0014** |

The United States has filed a forfeiture action against **One 2004 Cadillac Escalade (VIN 1GYEK63N74R317439).** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>One 2004 Cadillac Escalade (VIN 1GYEK63N74R317439) | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

Send NOTICE OF SERVICE copy to Requester:

Naquita Ervin, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| Number Of Process To Be Served In This Case. | |
| Number Of Parties To Be Served In This Case. | |
| Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X] Plaintiff  [ ] Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Aug 4, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service  [ ] AM  [ ] PM |
| | Signature, Title and Treasury Agency | |

REMARKS:

TD F 90-22.48 (6/96)

Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.